UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN MADDIX,
         Plaintiff,                             Case No. 2:14-cv-188
v.                                                  HON. R. ALLAN EDGAR
                                                            MAG. TIMOTHY P. GREELEY

SHAWN BRINKMAN, *et al.*,
         Defendants.
_____/

## REPORT AND RECOMMENDATION

      Before the Court is Defendants' motion for reconsideration of the District Court's order denying their motion for summary judgment based on a failure to exhaust administrative remedies. Pursuant Western District of Michigan Local Civil Rule 72.1(e), this motion for reconsideration has been referred for a Report and Recommendation. This Court conducted a hearing on this motion and the matter is ready for a decision. For the reasons set forth below, I recommend that the motion be DENIED.

      Plaintiff Marvin Maddix-el, currently in the custody of the Michigan Department of Corrections (MDOC), brought this prisoner civil rights actions against Defendants Shawn Brinkman, RN Paul Zelenak, and RN Charles Scott. Plaintiff alleges that his medical accommodation required that he be assigned to a lower bunk, but that Defendant Scott and an unknown Defendant placed him in a top bunk. Contrary to Defendants' statements at the oral hearing, Plaintiff specifically names Defendant Scott in his complaint:

> Because the Plaintiff was a new arrival he had to go to Health Care, which he did and was seen by R/N C. Scott. He informed R/N Scott that he had a bottom bunk detail which went back to 1997, because he has been diagnosis as a diabetic.
>
> Because they were unable to pull up the information concerning Plaintiff's bottom bunk detail R/N Scott stated that they could not honor it. He also informed the

   Plaintiff that he would not renew the detail at that time knowing that it was possible that the Plaintiff would have a disbetic [sic] seizure.

Docket #1 at 7.  Plaintiff was placed on a top bunk and later fell on the floor as a result of a seizure, suffering serious head and neck injuries.  Defendant Brinkmann, a correctional officer, arrived at the cell, assisted Plaintiff, but made him walk outside through the snow to the prison's control center.  Plaintiff alleges that Brinkmann denied his request to be transported in a wheelchair.  Plaintiff states that medical staff should have come to his location to stabilize him.  When Plaintiff was being evaluated by R/N Zelenak, he allegedly conducted an unnecessary and non-consensual anal rape exam.

  Plaintiff alleges that all three Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs.  Plaintiff claims that Defendant Scott failed to place him in a bottom bunk as per his medical accommodation.  Plaintiff also alleges that Defendant Brinkman failed to provide him medical care within a reasonable amount of time after he fell from his bunk and made him walk outside during a blizzard, all the while without medical care.  Finally, Plaintiff alleges that Defendant Zelenak used excessive force when he unnecessarily performed an anal rape exam on him.

  Defendants Zelenak and Scott filed a motion for summary judgment arguing that Plaintiff failed to exhaust with respect to them.[1]  The District Court denied Zelenak and Scotts' motion because the motion was based on a conclusory statement, with little analysis.   Docket #16, at 2.  In response, Defendants filed a motion for reconsideration.  A motion for relief from judgment may be granted for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the

---

[1] Defendant Brinkman concedes that Plaintiff exhausted with respect to the allegations against him.

enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-43 (6th Cir. 2004). Defendants cite to Western District of Michigan Local Civil Rule 7.4, and argue that a palpable defect misled the District Court, specifically that the Court "inaccurately concludes that Plaintiff properly exhausted his administrative remedies as to Defendants Shawn Brinkman, Paul Zelenak and Charles Scott." Docket #19, at 5. Therefore, this Court construes the motion for reconsideration as a motion under Federal Rule of Civil Procedure 60(b)(1).

Defendants' brief requesting reconsideration is not much more thorough than their original summary judgment brief. Grievance LMF 14-03-449-12e1 demonstrates exhaustion. At Step One Plaintiff specifically names Brinkman, alludes to medical staff not coming to his location, and then states that "staff that assigned top bunk to Maddix-El . . . created unreasonable risk of injury." Docket #9-3, at 16. The Step One grievance was denied on the merits and addressed both the medical evaluation and top bunk assignment. Although Zelenak and Scott were not specifically named in the Step One grievance, that is not necessarily fatal to the claims. *Peterson v. Cooper*, 463 Fed. App'x 528, 1–2 (6th Cir. 2012); *Hudson v. DeForest*, No. 09-11245, 2010 WL 1141609, *1 (E.D. Mich. Mar. 24, 2010); *Raub v. Correctional Medical Services, Inc.*, No. 06-13942, 2008 WL 16011,* 3 (E.D. Mich. Jan. 15, 2008); *Harrington v. Smolinski*, No 05-cv-688, 2006 WL 549383, * 2–3 (W.D. Mich. Mar. 6, 2006). Petitioner identified the general problems that he had and put the prison staff on notice of his alleged complaints. The Step One response indicates Zelenak as the individual that evaluated Plaintiff, and Plaintiff's contention is that Zelenak should have come to the location of his accident.

At Step Two, Plaintiff clarified his statements and provided more factual detail. This is the first time Plaintiff mentions the unnecessary rectal exam, where he explains that he did not

3

mention it at Step One because "I felt ashamed and mentally humiliated and degraded." Docket #9-3, at 19. It is likely, that at this point, the grievance should have been sent directly to the Internal Affairs Division. MDOC Policy Directive 03.02.130, ¶¶ P, Q. ("All grievances alleging such conduct [including allegations of staff sexual misconduct], whether filed with the inspector or a CFA or FOA grievance coordinator, shall be referred to the Internal Affairs Division for review as set forth in PD. 01.01.140.") (effective July 9, 2007). *See generally*, MDOC Policy Directive 01.01.1 ¶¶ D(1)(b), I. ("Any written documentation provided by an offender regarding employee misconduct shall be forwarded to the Internal Affairs Division and/or the [Prison Rape Elimination Act] PREA Section"). This claim appears to be exhausted because it was brought to the attention of prison officials and does not appear to be sent to IA.

In any event, the Step Two response denied Plaintiff's claims on the merits, although it failed to specifically address the allegations of staff sexual misconduct. Plaintiff appealed to Step III, which was denied on the merits as well. The fact that Plaintiff's grievance went through all three steps and was decided on the merits suggests that MDOC was satisfied with the level of detail included in the grievance. *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003). This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir.1999).

In their motion for reconsideration, Defendants fail to address these issues. Accordingly, Defendants have failed to meet their burden with respect to Plaintiff's failure to exhaust his administrative remedies and they have failed to demonstrate that the Court was misled by a palpable defect.

For these reasons, I recommend that Defendants' motion for reconsideration be

**DENIED.**  (Docket # 18).


Dated: 10/28/2015                          /s/ *Timothy P. Greeley*
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).